Barbara K. Polich (Utah Bar #2620)
George C. M. Poulton (#12378)
Antczak Polich Law LLC
324 South 400 West, Suite 225
Salt Lake City, Utah 84101
(801) 521-4409
bpolich@antczaklaw.com
gpoulton@antczaklaw.com

Attorneys for Plaintiff

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH, CENTRAL DIVISION</td></tr>
<tr><td>
ALL AMERICAN PHARMACEUTICAL &
NATURAL FOODS CORP.,

          Plaintiff,

v.

OSN LABS LLC,

          Defendant.
</td><td>
COMPLAINT


Case No. 2:17-cv-1093-DBP


The Honorable
Magistrate Judge Dustin B. Pead
</td></tr>
</table>

COMES NOW, All American Pharmaceutical & Natural Foods Corporation, and complains against Defendant as follows:

## THE PARTIES

1. All American Pharmaceutical & Natural Foods Corporation ("ALL AMERICAN") is a corporation organized and existing under the laws of the State of Montana, with its principal place of business at 2376 Main Street, Billings, Montana 59105.

2. OSN Labs LLC ("Defendant") is a limited liability company organized and existing under the laws of Arizona, with its principal place of business at 17477 N 101st Way, Scottsdale, AZ.  It manufactures and/or distributes dietary and nutritional supplements under various labels, including OSNLABS.

## ISSUES, JURISDICTION, VENUE

3. This is an action for trademark infringement, false advertisement and dilution arising under the *Lanham Act*, 15 U.S.C. §§ 1111, *et seq*.

4. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121(a) as this case arises under the Lanham Act, 15 U.S.C. § 1051, et seq., and particularly 15 U.S.C. § 1125, as well as pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendant as Defendant transacts business in this District through the sale of product.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as sales were made into this district.

# FACTUAL ALLEGATIONS

**A. Defendant's Wrongful Use of ALL AMERICAN'S KRE-ALKALYN® Trademark**

7. Founded in 1984, ALL AMERICAN is a leading retailer, supplier, and manufacturer of dietary and nutritional supplements and vitamins.

8. Under US Patent 6,399,661 ("'661 Patent"), ALL AMERICAN produces a creatine nutritional supplement which is marketed as KRE-ALKALYN®.

9. ALL AMERICAN is the owner of the US Trademark Registration No. 2,627,498 ("'498 Mark") for the KRE-ALKALYN® mark which was registered on October 1, 2002 with the United States Patent and Trademark Office ("USPTO"), and is classified as a nutritional supplement in Class 5.  The '498 Mark is and has been used in commerce at all times relevant to this action ("KRE-ALKALYN® Mark").  A copy of the USPTO registration for the '498 Mark is attached as Exhibit 1.

10. The KRE-ALKALYN® Mark is characterized by ALL AMERICAN'S innovative and/or patented products, and its high standards of manufacture and quality control, and is famous and distinctive, and was so before Defendant's alleged wrongful use of the KRE-ALKALYN® Mark.

11. At all times relevant hereto, Defendant was fully aware of ALL AMERICAN'S registration of the KRE-ALKALYN® Mark.

12. ALL AMERICAN markets KRE-ALKALYN® throughout the United States and worldwide to the health, bodybuilding, and strength building communities.

13. The KRE-ALKALYN® Mark has been associated with ALL AMERICAN through substantial sales and advertising both for vitamins and nutritional supplements.

14. ALL AMERICAN engages in extensive nationwide and international marketing and promotion of its Products with the purpose and effect of drawing nationwide and international clientele.  It has incurred substantial expense in marketing and promoting its products so that the public would recognize these nutritional products as originating with ALL AMERICAN and its '661 Patent.

15. The public recognizes the KRE-ALKALYN® Mark as indicating the product origin to be ALL AMERICAN'S.

16. ALL AMERICAN has developed substantial goodwill with respect to the nutritional products and vitamins labeled under the KRE-ALKALYN® Mark.

17. ALL AMERICAN sells KRE-ALKALYN® retail under its own labels including most recently "EFX Sports."   ALL AMERICAN also licenses others to sell KRE-ALKALYN® under other labels.

18. Defendant has used, without authorization, the KRE-ALKALYN® Mark and the associated good will to market counterfeit and/or adulterated KRE-ALKALYN®.

19. Plaintiff has repeatedly asked that Defendant cease and desist its use of the KRE-ALKALYN® Mark, recently through its litigation counsel on July 29, 2016, sending the following letter (attached as Exhibit 2):

Dear OSN Labs LLC:

This firm is litigation and enforcement counsel for All American Pharmaceutical & Natural Foods Corp. ("All American").  All American is the owner of the registered trademark KRE-AKLAYN®, Trademark registration No. 2627498 ("KRE-AKLAYN® Trademark"), and holds patent no US 6,639,661 ("Patent '661").
Your product "Super Kre-Alkalyn Kryptonite" uses All American's KRE-AKLAYN® mark without a license. As a result, the product is considered a

counterfeit and in violation of the federal Lanham Act.  The label for Super Kre-Alkalyn Kryptonite establishes that you are infringing on the KRE-AKLAYN® Trademark and misrepresenting to the public that the product contains 1500 milligrams of "KRE-AKLAYN® (U.S. Patent # 6,399,661)."   Testing has established your product to be counterfeit.

You, your agents, employees and all other persons in active concert or participation with you must immediately cease and desist any further use of the KRE-AKLAYN® Trademark and reference to Patent '661.  This requires taking immediate steps to cease any further sales or distribution of the Super Kre-Alkalyn Kryptonite product.  You must immediately remove the Super Kre-Alkalyn Kryptonite product from the website as well as from all other sources of distribution, such as retail stores.  Provision must be made for the destruction of such product.  Please immediately confirm that OSN Labs has complied with this request to cease and desist.

You are further directed to contact me so we can establish an appropriate payment to All American as damages, royalties, and/or licensing fees owed to All American based on your unauthorized activities.  Please contact me by no later than August 10, 2016.  Although All American would like to enter into an amiable settlement, it is nevertheless prepared to file suit.

Sincerely,

/s/
Barbara K. Polich
Antczak Polich Law LLC

20. Defendant has not responded to the letter.

21. Since the July 29, 2016, letter Plaintiff has had additional communications with Defendant to demand it cease use of the KRE-ALKALYN® Mark, but such demands have been ignored.

22. Despite Plaintiff's demands, Defendant continues to sell products that use the KRE-ALKALYN® Mark without authorization and which are labeled as containing KRE-ALKALYN® now under the labels "KRYP2 KRE-ALKALYN" and "KRYP2 Kre8tine",

both of which use the KRE-ALKALYN® Mark without authorization and which reference ALL AMERICAN'S '661 Patent on the label.

**B. Defendant's Sale of Counterfeit and/or Adulterated Kre-Alkalyn.**

23. Defendant has marketed and sold counterfeit and/or adulterated product under OSNLABS brand under various labels using the KRE-ALKALYN® Mark, falsely labeling and misrepresenting its products as containing KRE-ALKALYN®, and using the KRE-ALKALYN® Mark without authorization.

24. For example, one such label using the KRE-ALKALYN® Mark is Defendant's KRYP2 KRE-ALKALYN label, which appears as follows:



https://osnlabsonline.com/product/super-kre-alkalyn-kryptonite/, September 26, 2017.

25. The Supplement Facts on the KRYP2 Kre-Alkalyn® label falsely labels and misrepresents that it contains KRE-ALKALYN®, which label appears as follows:



## SUPPLEMENT FACTS
Serving Size: 4 Capsules
Servings Per Container: 60

| | Amount Per Serving | %D.V. |
|---|---|---|
| Kre-Alkalyn® | 1500 mg | * |
| Amino Performance Proprietary Blend | 1250 mg | * |
| L-Arginine, L-Citrulline, Taurine, Beta-Alanine, BCAA's (Leucine, Isoleucine, Valine) | | |
| Betaine | 50 mg | * |
| Alpha Lipoic Acid | 50 mg | * |

* Daily Value Not Established

**Other Ingredients:** Gelatin, DiCalcium Phosphate, Magnesium Stearate, Silica.

**Suggested Use for KRYP2 Kre-Alkalyn®:** On training days take 4 capsules 30 minutes prior to workout and 4 capsules immediately after workout.
On non-training days take 4 capsules in the morning and 4 capsules in the afternoon.
Consume 16 oz of water with each serving.

**CAUTION:** This product is intended for use by healthy individuals only. Do not use this product if you have ANY medical condition. Consult a physician if you have impaired kidney function or are taking any prescription medications that affect kidney function. Do not exceed recommended dosage.
**DO NOT USE IF PREGNANT OR NURSING. KEEP OUT OF THE REACH OF CHILDREN.**

Kre-Alkalyn® is a registered trademark of All American Pharmaceutical & Natural Foods Corporation. Kre-Alkalyn® is a US-patented product (US Patent #6,399,661). International and additional US patents pending. All rights reserved.

**Protect from Heat, Light, and Moisture. Store at 15-300C or 59-860F.**

https://osnlabsonline.com/product/super-kre-alkalyn-kryptonite/, September 26, 2017.

26. Another example of Defendant's unauthorized use of the KRE-ALKALYN® Mark is under its Super Kre-Alkalyn Kryptonite label, which appears as follows:



https://osnlabsonline.com/product/super-kre-alkalyn-kryptonite/, September 15, 2016.

27. The Supplement Facts on the Super Kre-Alkalyn Kryptonite label falsely labels and misrepresents that it contains KRE-ALKALYN®, which label appears as follows:

| SUPPLEMENT FACTS | | |
|---|---|---|
| Serving Size: 4 Capsules | | |
| Servings Per Container: 60 | | |
| | Amount Per Serving | %D.V. |
| Kre-Alkalyn® | 1500 mg | * |
| Amino Performance Proprietary Blend | 1250 mg | * |
| L-Arginine, L-Citrulline, Taurine, Beta-Alanine, BCAA's (Leucine, Isoleucine, Valine) | | |
| Betaine | 50 mg | * |
| Alpha Lipoic Acid | 50 mg | * |
| * Daily Value Not Established | | |

https://osnlabsoline.com/product/super-kre-alkalyn-kryptonite/, September 15, 2016.

28. Another example of Defendant's unauthorized use of KRE-ALKALYN® Mark, and false labeling and misrepresentation that its product contains KRE-ALKALYN® is under its

KRYP2 Kre8tine label, contained on the Supplement Facts as part of the "KRYP2

Kre8tine[TM] Proprietary Blend", which appears as follows:

## SUPPLEMENT FACTS

Serving Size: 1 Scoop (5 grams)          Servings Per Container: 100

| | Amount Per Serving | %D.V. |
|---|---|---|
| KRYP2 Kre8tine™ Proprietary Blend | 5,000 mg | * |
| Creatine Monohydrate, Kre-Alkalyn ®, Creatine-Glycerol-Phosphate, Creatine Ethyl-Ester, Di-Creatine Malate, Creatine AKG, Creatine Pyruvate, Disodium Creatine Phosphate Tetrahydrate. | | |

* Daily Value Not Established

Other Ingredients: Silica

**SUGGESTED USE:** As a dietary supplement, mix one scoop (5g) in 8 oz of juice, water, or your protein drink of choice daily. Drink immediately. For maximum results, drink 8-10 glasses (8oz) of water throughout the day. A loading phase is not required or recommended with this product. DO NOT EXCEED RECOMMENDED DOSAGE.

**WARNINGS:** KEEP OUT OF REACH OF CHILDREN. Check with a qualified health care professional before taking this product if you are pregnant or nursing a baby, under 18 years of age, have any known or suspected medical conditions, and/or if you are taking any prescription or OTC medications.

Kre-Alkalyn® is a registered trademark of All American Pharmaceutical & Natural Foods  Corporation. Kre-Alkalyn® is a US-patented product (US Patent #6,399,661). International and  additional US patents pending. All rights reserved.

**Caution: Do Not Eat Freshness Packet.  Keep Freshness Packet in Bottle.  Store This Product in a Cool Dry Place.**

https://osnlabsonline.com/product/krypto-kre8tine/, September 26, 2017.

29. ALL AMERICAN'S respective testing of KRYP2 KRE-ALKALYN and Super Kre-Alkalyn Kryptonite establishes that Defendant is and/or has been selling counterfeit KRE-ALKALYN® product and the product is falsely labeled.  Neither Super KRYP2 KRE-ALKALYN nor Kre-Alkalyn Kryptonite contain authentic KRE-ALKALYN® as represented on their respective labels.

30. KRYP2 KRE-ALKALYN was purchased from Defendant as recently as July 2017, which purchased product by shipment into Utah.

31. Users of KRYP2 KRE-ALKALYN, Super Kre-Alkalyn Kryptonite and KRYP2 Kre8tine could get poor or sub-potent effects possibly leading to a loss of "faith" in the authentic KRE-ALKALYN® products.

32. Both ALL AMERICAN and Defendant market KRE-ALKALYN® similarly as both use internet advertising, direct their advertising to the sports and healthy living communities in both the U.S. and international markets.

33. KRYP2 KRE-ALKALYN is advertised for sale on the OSNLABS website at https://osnlabsonline.com/products/, a copy of which is attached as Exhibit 3.

34. Defendant's continued use of ALL AMERICAN'S KRE-ALKALYN® Mark is causing and is likely to cause irreparable injury to All American Pharmaceutical.

35. All American Pharmaceutical has no adequate remedy at law.

**C.  Defendant's Wrongful Use of ALL AMERICAN'S KARBOLYN® Trademark**

36. ALL AMERICAN produces a carbohydrate nutritional supplement which is marketed as KARBOLYN®.

37. ALL AMERICAN is the owner of the US Trademark Registration No. 4,284,892 ("'892 Mark") for the KARBOLYN® mark which was registered on February 5, 2013, with the USPTO, and is classified as a nutritional supplement in Class 5.  The '892 Mark is and has been used in commerce at all times relevant to this action ("KARBOLYN® Mark"). A copy of the USPTO registration for the '892 Mark is attached as Exhibit 4.

38. The KARBOLYN® Mark is characterized by ALL AMERICAN'S innovative and/or patented products, and its high standards of manufacture and quality control, and is famous and distinctive, and was so before Defendant's alleged wrongful use of the KARBOLYN® Mark.

39. At all times relevant hereto, Defendant was fully aware of ALL AMERICAN'S registration of the KARBOLYN® Mark.

40. ALL AMERICAN markets KARBOLYN® Mark throughout the United States and worldwide to the health, bodybuilding, and strength building communities.

41. The KARBOLYN® Mark has been associated with ALL AMERICAN through substantial sales and advertising both for vitamins and nutritional supplements.

42. ALL AMERICAN engages in extensive nationwide and international marketing and promotion of its Products with the purpose and effect of drawing nationwide and international clientele.  It has incurred substantial expense in marketing and promoting its products so that the public would recognize these nutritional products as originating with ALL AMERICAN.

43. The public recognizes the KARBOLYN® Mark as indicating the product origin to be ALL AMERICAN'S.

44. ALL AMERICAN has developed substantial goodwill with respect to the nutritional products and vitamins labeled under the KARBOLYN® Mark.

45. ALL AMERICAN sells KRE-ALKALYN® retail under its own labels including most recently "EFX Sports."  ALL AMERICAN also licenses others to sell KARBOLYN® under other labels.

46. Defendant has used, without authorization, the KARBOLYN® Mark and the associated good will to market counterfeit and/or adulterated KRE-ALKALYN.

47. Defendant continues to sell products labeled as containing KARBOLYN®, namely, its "Kryp2Pump", which is labeled using the KARBOLYN® Mark as follows:

| SUPPLEMENT FACTS | | |
|---|---|---|
| Serving Size: 1 Scoop (8 grams) | Servings Per Container: 30 | |
| | Amount Per Serving | %D.V. |
| Calories | 8 | * |
| Total Carbohydrates | 2g | <1% |
| Dietary Fiber | 0g | |
| Sugar | 1g | |
| Vitamin B12 (as Methylcobalamin) | 1000mcg | 16,667% |
| Kryp2Pump™ Proprietary Blend | 6108mg | * |

L-Citrulline Malate, L-Arginine AKG, Agmatine Sulfate, Glycerol Monostearate, Dextrose, Karbolyn (Homopolysaccharide) Derived From Potato, Rice And Corn, L-Norvalline, L-Leucine, L-Isoleucine, L-Valine, HICA (as α-Hydroxyisocaproic Acid), N-Carbamylglutamate Beta-Alanine, L-Tyrosine.

* Daily Value Not Established

**Other Ingredients:** Natural and Artifical flavors, Citric Acid, Sodium Bi-carbonate, Malic Acid, Sucralose, Acesulfame-Potassium, Lake Yellow #5, Lake Blue #1, Silica.

**SUGGESTED USE:** Start out with one serving (1 scoop) to determine tolerance, working up to 2 scoops over time. Take with 6-8 ounces of water 30 minutes prior to physical activity. Some individuals may find 1, 1.5 or 2 scoops per serving is the ideal dose for pre-workout. DO NOT EXCEED TWO SCOOPS IN ANY 24-HOUR PERIOD. For best results, consume Kryp2Pump™ on an empty stomach. Use Kryp2Pump™ only on training days to maximize effectiveness as a pre-workout supplement. All Kryp2Pump™ flavors mix up green in color.

**WARNING:** KEEP OUT OF REACH OF CHILDREN. Check with a qualified health care professional before taking this product if you are pregnant or nursing a baby, under 18 years of age, have any known or suspected medical conditions, and/or if you are taking any prescription or OTC medications.

Karbolyn® is a patent-pending product and registered trademark of All American Pharmaceutical.

**CAUTION:** Do Not Eat Freshness Packet. Keep Freshness Packet in Bottle. Store This Product in a Cool Dry Place.

https://osnlabsonline.com/product/krypto-pump/, September 26, 2017.

## COUNT I AGAINST DEFENDANT
## INFRINGEMENT OF ALL AMERICAN'S REGISTERED KRE-ALKALYN MARK
## IN VIOLATION OF 15 U.S.C. § 1114(1)(a), LANHAM ACT § 32(1)

48. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

49. Defendant's activities are inherently deceptive, or in the alternative, likely to lead to and result in consumer confusion, mistake, and are likely to cause consumers to believe that

ALL AMERICAN is the source of, or has authorized, licensed or is otherwise connected or affiliated with Defendant's products, all to ALL AMERICAN'S detriment.

50. Defendant's acts are deliberate and intended to confuse and deceive the public as to the source of Defendant's products and to injure ALL AMERICAN and to allow Defendant to reap the benefit of ALL AMERICAN'S goodwill associated with the KRE-ALKALYN® Mark.

51. Defendant's acts violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

52. As a direct and proximate result of Defendant's willful conduct, ALL AMERICAN has sustained and will continue to sustain substantial damages in an amount exceeding $500,000, the exact amount to be proven at trial.

53. Further, as a result of Defendant's conduct described above, ALL AMERICAN has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

### COUNT II AGAINST DEFENDANT
### FALSE ADVERTISEMENT OF DEFENDANT'S GOODS
### IN VIOLATION OF 15 U.S.C § 1125(a), LANHAM ACT § 43(a)

54. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

55. Defendant's use of the KRE-ALKALYN® Mark and its advertising, marketing and promotional material, constitutes false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are inherently deceptive, or in the alternative, are likely to cause confusion or mistake that Defendant are affiliated, connected, or associated with ALL AMERICAN; that ALL AMERICAN manufactures, sponsors, authorizes, licenses, approves or is otherwise

connected or affiliated with Defendant's products; and/or that Defendant's products are of the same efficacy and quality as ALL AMERICAN'S products.

56. Defendant's acts are deliberate and intended to confuse consumers and the public as to the source of Defendant's products and to injure ALL AMERICAN and to allow Defendant to reap the benefit of ALL AMERICAN'S goodwill associated with the KRE-ALKALYN® Mark.

57. Defendant' acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. As a direct and proximate result of Defendant' willful conduct, ALL AMERICAN has sustained and will continue to sustain substantial damages in an amount exceeding $500,000, the exact amount to be proven at trial.

59. Further, as a result of Defendant's conduct described above, ALL AMERICAN has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

**COUNT III AGAINST DEFENDANT**
**DILUTION OF ALL AMERICAN'S MARK IN VIOLATION OF 15 U.S.C. § 1125(c),**
**LANHAM ACT § 43(c)**

60. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

61. ALL AMERICAN'S KRE-ALKALYN® Mark is distinctive when used in connection with vitamin and nutritional supplements by virtue of the substantially exclusive and extensive use of the mark in commerce by ALL AMERICAN, and famous within the meaning of Lanham Act § 43(c), 15 U.S.C. § 1125(c).

62. Defendant's acts described above have blurred and tarnished, and continue to blur and tarnish ALL AMERICAN'S unique and inherently distinctive KRE-ALKALYN® Mark.

14

63. These acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have injured and will continue to injure ALL AMERICAN unless restrained, causing damage to ALL AMERICAN in an amount exceeding $500,000, the exact amount to be proven at trial, as well as irreparable injury to ALL AMERICAN'S goodwill and reputation associated with the value of the KRE-ALKALYN® Mark.

64. Defendant acted knowingly and deliberately with intent to dilute ALL AMERICAN'S KRE-ALKALYN® Mark.  Defendant' conduct is willful, wanton, and egregious.

**COUNT IV AGAINST DEFENDANT**
**INFRINGEMENT OF ALL AMERICAN'S REGISTERED KARBOLYN MARK**
**IN VIOLATION OF 15 U.S.C. § 1114(1)(a), LANHAM ACT § 32(1)**

65. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

66. Defendant's activities are inherently deceptive, or in the alternative, likely to lead to and result in consumer confusion, mistake, and are likely to cause consumers to believe that ALL AMERICAN is the source of, or has authorized, licensed or is otherwise connected or affiliated with Defendant's products, all to ALL AMERICAN'S detriment.

67. Defendant's acts are deliberate and intended to confuse and deceive the public as to the source of Defendant's products and to injure ALL AMERICAN and to allow Defendant to reap the benefit of ALL AMERICAN'S goodwill associated with the KARBOLYN® Mark.

68. Defendant's acts violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

69. As a direct and proximate result of Defendant's willful conduct, ALL AMERICAN has sustained and will continue to sustain substantial damages in an amount exceeding $100,000, the exact amount to be proven at trial.

70. Further, as a result of Defendant's conduct described above, ALL AMERICAN has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

**COUNT V AGAINST DEFENDANT**
**FALSE ADVERTISEMENT OF DEFENDANT'S GOODS**
**IN VIOLATION OF 15 U.S.C § 1125(a), LANHAM ACT § 43(a)**

71. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

72. Defendant's use of the KARBOLYN® Mark and its advertising, marketing and promotional material, constitutes false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are inherently deceptive, or in the alternative, are likely to cause confusion or mistake that Defendant are affiliated, connected, or associated with ALL AMERICAN; that ALL AMERICAN manufactures, sponsors, authorizes, licenses, approves or is otherwise connected or affiliated with Defendant's products; and/or that Defendant's products are of the same efficacy and quality as ALL AMERICAN'S products.

73. Defendant's acts are deliberate and intended to confuse consumers and the public as to the source of Defendant's products and to injure ALL AMERICAN and to allow Defendant to reap the benefit of ALL AMERICAN'S goodwill associated with the KARBOLYN® Mark.

74. Defendant' acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. As a direct and proximate result of Defendant' willful conduct, ALL AMERICAN has sustained and will continue to sustain substantial damages in an amount exceeding $100,000, the exact amount to be proven at trial.

76. Further, as a result of Defendant's conduct described above, ALL AMERICAN has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

**COUNT VI AGAINST DEFENDANT**
**DILUTION OF ALL AMERICAN'S MARK IN VIOLATION OF 15 U.S.C. § 1125(c), LANHAM ACT § 43(c)**

77. ALL AMERICAN re-alleges by reference all preceding paragraphs as though set forth herein.

78. ALL AMERICAN'S KARBOLYN® Mark is distinctive when used in connection with vitamin and nutritional supplements by virtue of the substantially exclusive and extensive use of the mark in commerce by ALL AMERICAN, and famous within the meaning of Lanham Act § 43(c), 15 U.S.C. § 1125(c).

79. Defendant's acts described above have blurred and tarnished, and continue to blur and tarnish ALL AMERICAN'S unique and inherently distinctive KARBOLYN® Mark.

80. These acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have injured and will continue to injure ALL AMERICAN unless restrained, causing damage to ALL AMERICAN in an amount exceeding $100,000, the exact amount to be proven at trial, as well as irreparable injury to ALL AMERICAN'S goodwill and reputation associated with the value of the KARBOLYN® Mark.

81. Defendant acted knowingly and deliberately with intent to dilute ALL AMERICAN'S KARBOLYN® Mark.  Defendant' conduct is willful, wanton, and egregious.

**PRAYER FOR RELIEF**

Wherefore, ALL AMERICAN prays for relief against the Defendant as follows:

1.  In regard to Counts I, II, and III,

    a.  For an entry of permanent injunction prohibiting and enjoining Defendant, its officers, directors, agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and anyone acting in active concert with any of them:

        (1)     From using ALL AMERICAN'S KRE-ALKALYN® Mark, or any marks confusingly similar thereto;

        (2)     From otherwise infringing ALL AMERICAN'S KRE-ALKALYN® Mark;

        (3)     From otherwise diluting, blurring or tarnishing ALL AMERICAN'S KRE-ALKALYN® Mark; and

        (4)     From otherwise unfairly competing with ALL AMERICAN.

    b.  For entry of an order requiring Defendant to immediately destroy or remove all associated advertising, marketing and promotional materials (including web pages) of any kind bearing the ALL AMERICAN KRE-ALKALYN® Mark in its possession, custody or control pursuant to 15 U.S.C. § 1118.

    c.  For entry of an order requiring Defendant to recall and/or destroy all product that contains adulterated or counterfeit KRE-ALKALYN®, is mislabeled, and/or wrongfully uses ALL AMERICAN'S KRE-ALKALYN® Mark.

    d.  For entry of an order:

    i.   requiring Defendant to account for and pay over to ALL AMERICAN all gains, profits and advantages derived from Defendant's wrongful acts; and

    ii.   awarding compensatory damages in an amount of not less than $500,000, the exact amount to be proven at trial; and

    iii.   awarding treble damages pursuant to 15 U.S.C. § 1117; and

    iv.   awarding costs, disbursements and attorneys' fees pursuant to 15 U.S.C. § 1117.

2.   In regard to Counts IV, V, and VI,

    a.   For an entry of permanent injunction prohibiting and enjoining Defendant, its officers, directors, agents, servants, employees, subsidiaries, affiliates, assigns, licensees, and anyone acting in active concert with any of them:

        (1)   From using ALL AMERICAN'S KARBOLYN® Mark, or any marks confusingly similar thereto;

        (2)   From otherwise infringing ALL AMERICAN'S KARBOLYN® Mark;

        (3)   From otherwise diluting, blurring or tarnishing ALL AMERICAN'S KARBOLYN® Mark; and

        (4)   From otherwise unfairly competing with ALL AMERICAN.

    b.   For entry of an order requiring Defendant to immediately destroy or remove all associated advertising, marketing and promotional materials (including web pages) of any kind bearing the ALL AMERICAN KARBOLYN® Mark in its possession, custody or control pursuant to 15 U.S.C. § 1118.

    c. For entry of an order:

        i. requiring Defendant to account for and pay over to ALL AMERICAN all gains, profits and advantages derived from Defendant's wrongful acts; and

        ii. awarding compensatory damages in an amount of not less than $100,000, the exact amount to be proven at trial; and

        iii. awarding treble damages pursuant to 15 U.S.C. § 1117; and

        iv. awarding costs, disbursements and attorneys' fees pursuant to 15 U.S.C. § 1117.

3. Attorneys' fees and costs, together with interest on all sums found owing.

4. For such other relief as the Court may deem just and proper.

DATED this 28th day of September, 2017.

Antczak Polich Law LLC

/s/ George C.M. Poulton
George C.M. Poulton
Attorney for Plaintiff

**EXHIBITS**

| Exhibit | Document |
|---------|----------|
| 1 | USPTO Registration for '498 Mark |
| 2 | July 29, 2016, Demand Letter |
| 3 | OSNLabs Products Webpage, https://osnlabsonline.com/products/, September 26, 2017 |
| 4 | USPTO Registration for '892 Mark |